CASE NO. 25-11810-E

In the United States Court of Appeals
For the Eleventh Circuit
_____

CITY OF BOCA RATON, a Florida municipal corporation,
and ADAM KENISTON, individually,

*Appellant*,

v.

RICHARD J. TOWNSEND

*Appellee.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA
CASE NO. 9:23-CV-80637-BER
_____

**APPELLLANT, ADAM KENISTON'S
INITIAL BRIEF**
_____

| | **LAURA K. WENDELL, ESQ.** |
| | **DANIEL L. ABBOTT, ESQ.** |
| | **BLAYNE J. YUDIS, ESQ.** |
| | **WEISS SEROTA HELFMAN** |
| | **COLE & BIERMAN, P.L.** |
| | 2800 Ponce de Leon Blvd., |
| | Suite 1200 |
| | Coral Gables, FL 33134 |
| | Telephone: (305) 854-0800 |
| | |
| | *Counsel for Appellant, Adam Kenniston* |

Weiss Serota Helfman Cole & Bierman P.L.

*CITY OF BOCA RATON AND ADAM KENISTON V. RICHARD TOWNSEND.*
CASE NO. 23-80637-BER

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

**A. Interested Persons**

Appellant, Adam Keniston, respectfully submits this list of persons or entities

that may have an interest in the outcome of this review:

**Interested Persons**

1. City of Boca Raton, Florida

2. Adam Keniston

3. Richard Townsend

**Trial Judge, Attorneys, and Law Firms**

4. Daniel L. Abbott, Esq. (Counsel for Appellant)

5. Hon. Aileen M. Cannon (U.S. Judge)

6. Hon. Bruce E. Reinhart (U.S. Magistrate Judge)

7. Valentin Rodriguez, Jr. (Counsel for Appellee)

8. Laura K. Wendell, Esq. (Counsel for Appellant)

9. Blayne J. Yudis, Esq. (Counsel for Appellant)

10. Valentin Rodriguez, P.A. (Law Firm Representing Appellee)

Weiss Serota Helfman Cole & Bierman P.L.

11. Weiss Serota Helfman Cole & Bierman, P.L. (Law Firm Representing Appellant)

**B. Corporate Disclosure Statement**

Appellant, Adam Keniston, is an individual with no parent company, subsidiary, or affiliate company that has issued shares to the public.

The City of Boca Raton, co-defendant in the district court proceedings, is a governmental entity with no subsidiaries, conglomerates, affiliates or parent corporations.

*Laura K. Wendell*
Laura K. Wendell

Weiss Serota Helfman Cole & Bierman P.L.

**STATEMENT REGARDING ORAL ARGUMENT**

In accordance with Eleventh Circuit Rule 28-1(c), appellant, Adam Kenniston, respectfully submits that oral argument may assist the Court in assessing the district court's errors as relate to qualified immunity and probable cause in the context of an alleged false arrest claim pursuant to 42 U.S.C. § 1983 ("Section 1983") and probable cause in the context of a malicious prosecution claim under Florida law.

**JURISDICTIONAL STATEMENT**[1]

The Court has collateral order jurisdiction to review the portion of the district court's summary judgment order ("Order") denying qualified immunity to Officer Kenniston on the claim brought against him by appellee, Richard J. Townsend, for false arrest pursuant to Section 1983. DE65-P.23-28. *See Haney v. City of Cumming*, 69 F. 3d 1098, 1101 (11th Cir. 1995); *see also Nelson v. Tompkins*, 89 F. 4th 1289, 1295 (11th Cir. 2024); *English v. City of Gainesville*, 75 F. 4th 1151, 1155 (11th Cir. 2023). The Court has pendent jurisdiction to review the district court's denial of summary judgment as to Officer Kenniston's defense of probable cause to the claim against him for malicious prosecution under Florida law. *See Hudson v. Hall*, 231

---

[1] On July 1, 2025, Officer Kenniston filed his response to the Court's jurisdictional question, issued on June 17, 2025.

Weiss Serota Helfman Cole & Bierman P.L.

F. 3d 1289, 1294 (11th Cir. 2000); *see also Paez v. Mulvey*, 915 F. 3d 1276, 1292 (11th Cir. 2019).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT .......................................................................... C-i

STATEMENT REGARDING ORAL ARGUMENT .................................................. i

JURISDICTIONAL STATEMENT ............................................................................ i

TABLE OF CONTENTS ........................................................................................ iii

TABLE OF CITATIONS ..........................................................................................v

STATEMENT OF THE ISSUES ...............................................................................1

STATEMENT OF THE CASE..................................................................................1

A.      Course of proceedings. ...........................................................................1

B.      Statement of facts on summary judgment. .............................................2

STANDARD OF REVIEW .......................................................................................4

SUMMARY OF ARGUMENT..................................................................................5

ARGUMENT ............................................................................................................7

I.      Officer Kenniston Is Entitled To Qualified Immunity As A Matter Of Law
        On The Section 1983 False Arrest Claim. ...............................................7

A.      The district court erred in its ruling concerning a violation of a
        constitutionally protected right:  probable cause............................................9

1.      The correct probable cause standard. ....................................................9

2.      The district court erred because it utilized the incorrect standard.................12

3.      Application of correct standard compels summary judgment on probable
        cause.  ...................................................................................12

Weiss Serota Helfman Cole & Bierman P.L.

4. The district court also erred in rejecting Officer Kenniston's related and alternative points..........................................15

B. The district court failed to analyze whether Townsend's right not to have been arrested was clearly established. ..........................................23

II. The Court Should Reverse The District Court's Ruling Against Officer Kenniston On The State Law Claim...........................................27

CONCLUSION ..........................................27

CERTIFICATE OF COMPLIANCE ..........................................28

CERTIFICATE OF SERVICE ..........................................29

SERVICE LIST ..........................................30

# TABLE OF CITATIONS

**Cases**

*Adams v. Williams*, 407 U.S. 143 (1978) ...................................................................20

*Amato v. Cardelle*, 56 F. Supp. 3d 1332 (S.D. Fla. Oct. 30, 2014)........................12

*Anderson v. Creighton*, 483 U.S. 635 (1987) ...............................................................5

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ...............................................5

*Bailey v. Bd. of County Com'rs of Alachua County*, 956 F. 2d 112
 (11th Cir. 1992) ........................................................................................................20

*Brucia v. Bradshaw,* Case No. 09-80657-CV, 2009 WL 2488271
 (S.D. Fla. Aug. 12 2009) .........................................................................................17

*Celotex Corp. v. Catrett,* 477 U.S. 317(1986).............................................................4

*Cozzi v. City of Birmingham*, 892 F. 3d 1288 (11th Cir. 2018)........................10, 11

*Davis v. City of Apopka*, 734 F. App'x 616 (11th Cir. 2018). ..................................27

*Davis v. City of Apopka*, 78 F. 4th 1326 (11th Cir. 2023) .....................11, 12, 14, 20

*District of Columbia v. Wesby*, 583 U.S. 48 (2018)............................................ passim

*Donald v. Norris*, 131 F. 4th 1255 (11th Cir. 2025)...................................................24

*Durkin v. Davis*, 814 So. 2d 1246 (Fla. 2d DCA 2002)............................................27

*English v. City of Gainesville*, 75 F. 4th 1151 (11th Cir. 2023) .................................. i

*Florida v. Harris*, 568 U.S. 237 (2013) ......................................................................11

*Garcia v. Casey*, 75 F. 4th 1176 (11th Cir. 2023)............................................... passim

*Hamilton v. Cannon*, 80 F. 3d 1525, 1532 (11th Cir. 1996)......................................25

*Haney v. City of Cumming*, 69 F. 3d 1098 (11th Cir.1995)......................................... i

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ............................................................7, 24

Weiss Serota Helfman Cole & Bierman P.L.

*Hickson Corp. v. Crossarm Co., Inc*., 357 F. 3d 1256 (11th Cir. 2004)................4, 5

*Hudson v. Hall*, 231 F. 3d 1289 (11th Cir. 2000) ........................................................ ii

*Huebner v. Bradshaw*, 935 F.3d 1183 (11th Cir. 2019) ............................................15

*Hunter v. Bryant*, 502 U.S. 224 (1991) ....................................................................16

*Jenkins by Hall v. Talladega City Bd. of Educ*., 115 F. 3d 821 (11th Cir. 1997) .....25

*Jordan v. Mosely*, 487 F. 3d 1350 (11th Cir. 2007)..................................................21

*King v. Miami-Dade County*, 725 F. Supp. 3d 1324 (S.D. Fla. Mar. 25, 2024) ......25

*Kingsland v. City of Miami*, 382 F. 3d 1220 (11th Cir. 2004)..................................27

*Lee v. Ferraro*, 284 F. 3d 1188, 1194 (11th Cir. 2002) ........................................8, 20

*Manners v. Cannella*, 891 F. 3d 959 (11th Cir. 2018)........................................11, 20

*Maryland v. Pringle*, 540 U.S. 366 (2003) ...............................................................14

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).......5

*McMillan v. Johnson*, 88 F. 3d 1554 (11th Cir. 1996) .............................................24

*Melton v. Abston,* 841 F. 3d 1207 (11th Cir. 2016) ...................................................8

*Merricks v. Adkisson*, 785 F.3d 553 (11th Cir. 2015)...............................................25

*Merritt v. Gay*, 677 Fed. App'x 637 (11th Cir. 2017 ........................................ 18, 19

*Merritt v. Gay*, CV514-083, 2016 WL 4223687 (S.D. Ga. Aug. 9, 2016) .............18

*Moran v. Cameron*, 362 Fed. App'x 88 (11th Cir. 2010)........................................23

*Mountoute v. Carr*, 114 F. 3d 181 (11th Cir. 1997).................................................16

*Nelson v. Tompkins*, 89 F. 4th 1289 (11th Cir. 2024) .................................................. i

*Paez v. Mulvey*, 915 F. 3d 1276, 1286 (11th Cir. 2019).................................. passim

*Pearson v. Callahan*, 555 U.S. 223 (2009)...............................................................7

*Pinson v. JPMorgan Chase Bank*, 942 F. 3d 1200  (11th Cir. 2019)......................19

Weiss Serota Helfman Cole & Bierman P.L.

*Saucier v. Katz*, 533 U.S. 194 (2001)......................................................................25

*Scarbrough v. Myles*, 245 F.3d 1299 (11th Cir. 2001) ............................................25

*United States v. Jackson*, Case No. 18-207430-CR, 2019 WL 2141973
    (S.D. Fla. May 1, 2019) .................................................................. 17, 26

*U.S. v. Matlock*, 415 U.S. 164 (1974) .....................................................................16

*U.S. v. Sigouin*, 494 F. Supp. 3d 1252 (S.D. Fla. Dec. 31, 2019) ............................16

*United States v. Chanthasouxat*, 342 F. 3d 1271 (11th Cir. 2003)...........................18

*Valderrama v. Rousseau*, 780 F. 3d 1108 (11th Cir. 2015) ......................................13

*Von Stien v. Brescher*, 904 F. 2d 572 (11th Cir. 1990) ...........................................16

*Washington v. Howard*, 25 F. 4th 891 (11th Cir. 2022)................................... passim

*Williams v. State*, 238 So. 3d 915 (Fla. 1st DCA 2018) .................................. 21, 22

**Statutes**

42 U.S.C. § 1983 ......................................................................................................... i

§ 784.011, Fla. Stat. ..................................................................................................22

§ 784.021, Fla. Stat. ..................................................................................................21

§ 784.021(1)(a), Fla. Stat. .........................................................................................21

<h1 style="text-align:center">STATEMENT OF THE ISSUES</h1>

1. Whether the district court erred in failing to utilize and in failing to apply the correct probable cause standard as promulgated by the Supreme Court in *District of Columbia v. Wesby*, 583 U.S. 48, 60, 138 S. Ct. 577, 588, 199 L.Ed.2d 453 (2018).

2. Whether the district court erred in failing to give effect to the mistake of fact doctrine.

3. Whether the district court erred in failing to give effect to the any-crime doctrine.

4. Whether the district court erred in failing to require a showing that violation of a constitutional right (had such been shown) was clearly established at the time of the arrest.

5. Whether the district court erred in ruling against Officer Kenniston on the Florida law claim, when Officer Kenniston had established probable cause for the arrest as a matter of law.

<h1 style="text-align:center">STATEMENT OF THE CASE</h1>

**A. Course of proceedings.**

On October 21, 2021, Townsend filed his initial complaint in State court, alleging false arrest against the City and malicious prosecution against Officer

1<br>Weiss Serota Helfman Cole & Bierman P.L.

Kenniston under Florida law.  DE1-4-P.4-10.  On March 13, 2023, Townsend filed an amended complaint in State court, alleging, under Florida law, false arrest against the City (Count I), malicious prosecution and trespass against Officer Kenniston (Count II and Count III); and, under Section 1983, false arrest (Count IV) and malicious prosecution (Count V) against Officer Kenniston, and false arrest against the City for lack of supervision and training (Count IV).  DE1-2-P.4-24; DE1-3.  The City and Officer Kenniston filed a notice of removal on April 11, 2023.  DE1. Thereafter, upon the City and Officer Kenniston's motion to dismiss the amended complaint, the district court granted in part and denied in part the motion: the Court left in place Count I for false arrest against the City under Florida law; Count II against Officer Kenniston for malicious prosecution under Florida law; and Count IV against Officer Kenniston for false arrest pursuant to Section 1983.  DE18. The City and Officer Kenniston filed their answers and affirmative defenses on September 27, 2023. DE24.

**B.      Statement of facts on summary judgment.**

On February 4, 2025, the City and Officer Kenniston moved for summary judgment. DE46; *see also* DE47.  Officer Kenniston argued that summary judgment should be entered in his favor on the Section 1983 claim for false arrest and the Florida law claim for malicious prosecution because Officer Kenniston had probable cause or arguable probable cause to arrest Townsend. DE47-P.3-14.  And, as to the

2

latter, Officer Kenniston argued that, even if the arrest violated a constitutional right, Townsend could not demonstrate that the right was clearly established within the meaning of the law governing qualified immunity.  DE47-P.15-16.

In support of these arguments, Officer Kenniston furnished undisputed facts. On the night of the arrest, Officer Kenniston was in Townsend's neighborhood— which had experienced a recent and sustained rash of vehicle thefts— surveilling for auto-related crimes and suspects.  DE47-P.2, ¶¶ 3-7.  Officer Kenniston was in Townsend's neighborhood because, on the day of the arrest, a tracking device had alerted the police that a suspect known to commit auto-related crimes was in the area. DE47-P.2, ¶ 8.  At 3:00 a.m., Officer Kenniston observed a "pretty intoxicated" individual (Townsend, it turned out) approaching him from behind, loudly yelling in his direction, and pointing a "dark object" in his direction that he believed was a gun.  DE47-P.4., ¶¶ 16, 18-19. To create a safe distance between himself and the individual, Officer Kenniston drove away, during which time he radioed dispatch to request backup because he had observed "an intoxicated male . . .  with a handgun." DE47-P.5-6, ¶¶20, 25, 27; DE51-P.4-5, ¶16; DE51-2-P. 1. During his arrest of Townsend, Officer Kenniston confirmed that Townsend was in fact carrying a gun. DE47-P.6, ¶29.  Officer Kenniston arrested Townsend for aggravated assault.  DE47-P.6, ¶ 31.

Weiss Serota Helfman Cole & Bierman P.L.

In his response in opposition to the motion for summary judgment, Townsend argued that "there is a critical disputed fact" because, as Officer Kenniston had recognized, Townsend denied that he had actually pointed the gun at the officer. DE50-P.1-3. He argued that there were only two witnesses, himself and Officer Kenniston; he had committed no act of assault; Officer Kenniston's testimony that he saw what may have been a brandished gun was merely self-serving (without, conveniently, recognizing that his own testimony to the contrary was self-serving as well); and that summary judgment in favor of Officer Kenniston should fail on the basis of the singular disputed fact: the position of the gun that Townsend undisputedly carried when he approached Officer Kenniston. DE50-P.2-8. Notably, Townsend provided no case law demonstrating with particularity that Officer Kenniston's decision to arrest Townsend on the night in question violated a clearly established right. DE50.

## STANDARD OF REVIEW

The Court reviews *de novo* an interlocutory appeal from the denial of qualified immunity, and the district court's summary judgment determination under state law. *E.g., Garcia v. Casey*, 75 F. 4th 1176, 1184 (11th Cir. 2023). On summary judgment, the moving party bears "the initial responsibility of informing the ... court of the basis for the motion," *Hickson Corp. v. Crossarm Co., Inc.*, 357 F. 3d 1256, 1259-60 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct.

4

2548, 91 L.Ed.2d 265 (1986). "Where the nonmoving party bears the burden of proof at trial, the moving party may discharge this 'initial responsibility' by showing that there is an absence of evidence to support the nonmoving party's case." *Hickson*, 357 F. 3d at 1259 (citation omitted). "If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted." 906 F. 2d 610, 611 (11th Cir. 1990) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Ultimately, the Court must decide whether the record, taken as a whole, could lead a rational trier of fact to find a genuine issue for trial." *Id.* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

## SUMMARY OF ARGUMENT

The Court should reverse the Order as relates to Officer Kenniston. As is well-settled, probable cause is not a high bar.[2] And qualified immunity is the norm.[3] Yet the district court, through a series of errors, deviated from these settled principles.

---

[2]   *Wesby*, 583 U.S. at 57, 138 S. Ct. at 586, 199 L.Ed.2d 453.

[3]   *Anderson v. Creighton*, 483 U.S. 635, 640-43, 107 S. Ct. 3034, 3040-41, 97 L. Ed. 523 (1987).

Weiss Serota Helfman Cole & Bierman P.L.

The district court plainly erred because it did not utilize or apply the correct standard for assessing probable cause in the context of Townsend's Section 1983 claim against Officer Kenniston for false arrest. Rather than apply the current probable cause standard promulgated by the Supreme Court in *Wesby*, whether "a reasonable officer could conclude ... that there is a substantial change of criminal activity," the district court erred by utilizing an older, more demanding standard. Under the *Wesby* standard, no actual showing of criminal activity is required; yet the district court required such of showing by Officer Kenniston, even though Townsend, as plaintiff, bore the burden of proof to establish the absence of probable cause.

The district court was required, but failed to view the totality of the historic evidence leading up to the arrest: that, undisputedly, Officer Kenniston was approached from behind by an intoxicated individual (Townsend), who, carrying a gun, aggressively yelled and gestured toward him, even if, as Townsend asserted, Townsend had not in fact pointed the gun at Officer Kenniston. The district court compounded these errors by failing to give effect to the mistake of fact doctrine, by which probable cause is not diminished, even if Officer Townsend mistakenly believed that Townsend had brandished, and not merely carried the gun. And, relatedly, the district court erred in rejecting equally settled law that probable cause

6

is not negated because the crime in question is not that which was announced at the time of the arrest.

The district court also erred in its analysis of a second-part of the qualified immunity test. It failed completely to address whether, assuming a lack of probable cause and a violation of Townsend's Fourth Amendment right, Townsend had come forward with any case showing with the requisite particularity that the right in question was clearly established. Not only did Townsend fail to cite to any legal authority that would have put Officer Kenniston on notice that the arrest was unlawful in light of the entirety of the undisputed facts. But the district court erroneously discounted authority cited by Officer Kenniston in which an arrest was deemed lawful, even when there was a disputed fact as to whether a gun was merely carried, or brandished.

## ARGUMENT

**I.      Officer Kenniston Is Entitled To Qualified Immunity As A Matter Of Law On The Section 1983 False Arrest Claim.**

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Garcia v. Casey*, 75 F. 4th 1176, 1185 (11th Cir. 2023) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*,

Weiss Serota Helfman Cole & Bierman P.L.

457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). "The purpose of this immunity is to allow government official to carry out their discretionary duties without the fear of personal liability or harassing litigation ..." and to shield from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F. 3d 1188, 1194 (11th Cir. 2002). Once the government official establishes that he was acting within his discretionary authority, "the burden shifts to the plaintiff to establish that qualified immunity is inappropriate." *Garcia*, 75 F. 4th at 1185 (citing *Melton v. Abston,* 841 F. 3d 1207, 1221 (11th Cir. 2016). "First, the plaintiff must show that the official's alleged conduct violated a constitutionally protected right." *Id.* "Second, the plaintiff must demonstrate that the right was clearly established at the time of the misconduct." *Id.*

Here, in the section of the Order entitled "Legal Principles," "Qualified Immunity," the district court itself cited the qualified immunity standards and burdens. Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to establish both that the conduct violated a constitutionally protected right, and (if so) that the right was clearly established. *See* DE65-P.8-9. Next, in its "Discussion" concerning qualified immunity, the district court readily concluded that Officer Kenniston was acting within his discretionary authority, a point that Townsend did not dispute. DE 65-P.23.

Weiss Serota Helfman Cole & Bierman P.L.

What remained was the subsequent two-part inquiry: whether Townsend, bearing the burden of proof, had established that a genuine issue a material fact precluded the district court from concluding that Officer Kenniston's conduct (1) had not violated a constitutionally protected right, but, if so (2) that the right was not clearly established. Because the district court erred in its rulings concerning each part of the two-part test, the Court should reverse the Order and conclude that Officer Kenniston is immune from liability and suit as relates to the Section 1983 false arrest claim.

**A.      The district court erred in its ruling concerning a violation of a constitutionally protected right:  probable cause.**

As to the first part of the qualified immunity inquiry, the district court ruled that Officer Kenniston violated Townsend's constitutional right because there existed a genuine issue of material fact as to whether Officer Kenniston had probable cause to arrest Townsend. DE65-P.24; *see also* DE65-P.18-22.  The ruling is replete with error.

**1.      The correct probable cause standard.**

In the context of a Section 1983 claim for false arrest, "[a]n officer violates a person's Fourth Amendment right against unreasonable seizures if the officer arrests that person without probable cause to make the arrest." *Garcia*, 75 F. 4th at 1186. "The correct legal standard to evaluate whether an officer had probable cause to seize

Weiss Serota Helfman Cole & Bierman P.L.

a suspect is to '<u>ask whether a reasonable officer could conclude .. that there was a substantial chance of criminal activity</u>." *Id.* (quoting *Washington v. Howard*, 25 F. 4th 891, 902 (11th Cir. 2022) (quoting *Wesby*, 583 U.S. at 61, 138 S. Ct. at 588, 199 L.Ed.2d 453).

Of this correct standard, the Court in *Garcia* noted:

As we explained in *Washington*, the probable cause standard this Court applied in *Cozzi v. City of Birmingham*, 892 F. 3d 1288, 1294 (11th Cir. 2018) ... is incorrect. 25 F. 4th at 900-02. <u>The incorrect standard required 'facts and circumstances' that 'would cause of prudent person to believe' a crime was committed</u>. *Id.* at 899. The correct standard, promulgated by the Supreme Court in *Wesby*, is "<u>whether a reasonable officer could conclude ... that there is a substantial chance of criminal activity.</u>" [583 U.S. at 61, 138 S. Ct. at 588, 199 L.Ed.2d 453].

*Garcia*, 75 F. 4th at 1186, n. 1 (emphasis added). And in *Washington*, where the Court noted that it has not always consistently articulated the probable cause standard in the context of arrests, the Court explained the difference between the correct, *Wesby* standard, and the superseded, more demanding, incorrect standard, as follows:

In 2018, the Supreme Court explained that probable cause exists when the facts, considering <u>the totality of the circumstances and viewed from the perspective of a reasonable officer</u>, establish 'a probability or substantial chance of criminal activity. [*Wesby*, 538 U.S. at 57,138 S. Ct. at 586, 199 L.Ed.2d 453]. <u>Probable cause does not require conclusive evidence and is not a high bar</u>. [*Wesby*, 538 U.S. at 57, 138 S. Ct. at 586, 199 L.Ed.2d 453]. A reviewing court must simply ask "whether a reasonable officer *could* conclude that there was a substantial chance of criminal activity." [*Wesby*, 538 U.S. at 61, 138 S. Ct. at 588, 199 L.Ed.2d 453] (emphasis added).

Weiss Serota Helfman Cole & Bierman P.L.

*  *  *

The older standard is more demanding than the *Wesby* standard. <u>The older standard requires facts and circumstances such that all prudent people would affirmatively believe that the suspect has already engaged in or will shortly engage in criminal behavior.</u>  *Cozzi*, 892 F. 3d at 1293 ("Probable cause exists when the facts ... *would cause* a prudent person to *believe* ... that the suspect has committed an offense." (emphases added) (internal quotations omitted).  <u>But the *Wesby* standard requires only that it be reasonable for any particular officer to conclude that there is a substantial chance of criminal activity</u>. [*Wesby*, 538 U.S. at 61, 138 S. Ct. at 588, 199 L.Ed.2d 453].

*Washington*, 25 F. 4th at 899 (underline emphases added).

Furthermore, under *Wesby*, probable cause "'requires only a probability or substantial chance of criminal activity, <u>not an actual showing of such activity</u>.' Probable cause 'is not a high bar.'"  *Paez v. Mulvey*, 915 F. 3d 1276, 1286 (11th Cir. 2019) (quoting *Wesby*, 583 U.S. at 57, 138 S. Ct. at 586, 199 L.Ed.2d 453) (emphasis added); *Davis v. City of Apopka*, 78 F. 4th 1326, 1334 (11th Cir. 2023) ("a substantial chance is all that is required, 'not an actual showing of such activity'").  As the Court explained in *Paez*:

Far from "'requir[ing] convincing proof' that [an] offense was committed," probable cause is a flexible and fluid concept, that looks instead to <u>the totality of the circumstances</u> to determine the reasonableness of the officer's belief that a crime has been committed." [*Manners v. Cannella*, 891 F. 3d 959, 968 (11th Cir. 2018)]. Accordingly, "[t]he test for probable cause is not reducible to 'precise definition or quantification,' " and "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence

11

Weiss Serota Helfman Cole & Bierman P.L.

... have no place in the [probable-cause] decision.' " *Florida v. Harris*, 568 U.S. 237, 133 S. Ct. 1050, 1055, 185 L.Ed.2d 61 (2013).

*Paez*, 915 F.3d at 1286 (emphasis added). In this regard, "[t]he probable cause determination depends on the totality of evidence, inculpatory and exculpatory." *Davis*, 78 F. 4th at 1343 (emphasis added).

**2.      The district court erred because it utilized the incorrect standard.**

Here, the district court erred because it utilized the superseded, incorrect and more demanding standard. Citing to *Amato v. Cardelle*, 56 F. Supp. 3d 1332, 1334 (S.D. Fla. Oct. 30, 2014), the district court framed the question as "whether, at the moment the arrest was made, 'the facts and circumstances within [Officer Kenniston's] knowledge were sufficient to warrant a prudent man to believe [Mr. Townsend] committed [aggravated assault with a deadly weapon]. DR65-P.19 (emphasis added). The *Amato* case itself, predating *Wesby*, pointed the district court in this wrong direction. There, the district court articulated the superseded standard: "Probable cause exists 'if at the moment the arrest was made, the facts and circumstances within the officer's knowledge ... were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Amato*, 56 F. Supp. at 1334. Thus, the district court's error is clear.

**3.      Application of correct standard compels summary judgment on probable cause.**

Weiss Serota Helfman Cole & Bierman P.L.

Applying the older and incorrect probable cause standard, the district court erred in deciding that summary judgment was precluded on the grounds that there existed a genuine issue of material fact as to whether Townsend had in fact pointed a gun at Officer Kenniston. DE 65-P.19. In this regard, the district court did not assess the reasonableness of Officer Kenniston's "belief," but instead incorrectly required "an actual showing of criminal activity," *Paez* at 1286. Focusing only on whether Townsend had pointed the gun at Officer Kenniston, and "resolving all doubts in favor of Mr. Townsend," the district court took into account only exculpatory evidence: that Townsend had testified that his gun remained pointed down; that certain digital evidence "showed his right arm down" when he approached Officer Kenniston's vehicle; and that Officer Kenniston had *merely* reported into dispatch, whom he called for backup: "I've got a male with a handgun." "I got a pretty intoxicated male over here with a handgun." and did not at that moment state that the gun had been pointed in his direction. DE 65-P.17-19.[4]

---

[4]     In this regard, *Valderrama v. Rousseau*, 780 F. 3d 1108, 1113-15 (11th Cir. 2015) is instructive, where the Court affirmed the grant of summary judgment in favor of an officer on qualified immunity grounds because, although the plaintiff disputed that the officer in fact saw him throw a crack pipe, his conjectures as to why the officer could not have seen him do so did not suffice. And, in particular, the officer's failure to narrate over the radio what she was observing did not undermine her testimony that she saw the plaintiff throw the crack pipe.

Weiss Serota Helfman Cole & Bierman P.L.

Thus, the district court erred because it failed to consider "the totality of the circumstances to determine the reasonableness of the officer's belief that a crime has been committed." *Washington*, 25 F. 4th at 899. Instead, it completely discounted Officer Kenniston's viewpoint and evidence, as well as the undisputed historic circumstances leading up to the arrest. Knowing that auto-related crimes were occurring in the neighborhood and that a tracking device that night had alerted police to the presence of a suspect in the area, Officer Kenniston was approached from behind at 3:00 a.m. by an intoxicated individual yelling and gesturing at him in a confrontational manner, who in fact was carrying a gun.

Failing to consider the totality of these historical facts, the district court erred. As *Wesby* reflects: "To determine whether an officer had probable cause for an arrest, 'we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" 583 U.S. at 56-57, 138 S. Ct. at 586, 199 L.Ed.2d 453 (internal quotation marks omitted) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 800, 157 L.Ed.2d 769 (2003)). "So long as it is reasonable to conclude from the body of the evidence as a whole that a crime was committed, the presence of some conflicting evidence ... will not vitiate a finding of probable cause." *Paez*, 915 F. 3d at 1286. And, to reiterate, "[t]he probable cause

Weiss Serota Helfman Cole & Bierman P.L.

determination depends upon the totality of the evidence, inculpatory and exculpatory." *Davis*, 78 F. 4th at 1343.[5]

Given the "totality" of the summary judgment evidence -- both "inculpatory and exculpatory," *id*., summary judgment as to probable cause is required in favor of Officer Kenniston.

**4.    The district court also erred in rejecting Officer Kenniston's related and alternative points.**

Failing to utilize the correct probable cause standard and failing to consider the "totality of the circumstances" from the viewpoint of Officer Kenniston, the district court compounded these errors by incorrectly dismissing Officer Kenniston's additional points.

**a.    The district court erred by failing to apply the mistake of fact doctrine.**

The district court erred in rejecting Officer Kenniston's alternative contention, DE65-P.20-23, that even if he was mistaken in his perception that the intoxicated

---

[5]    *See also id*. (citing *Washington*, 55 F.4th at 902 ("[I]nstead of focusing on a single piece of evidence in isolation and dismissing any evidence with an innocent explanation, we must look at the totality of the circumstances.") (quotation marks omitted); [*Huebner v. Bradshaw*, 935 F.3d 1183, 1187 (11th Cir. 2019)]; *Paez*, 915 F.3d at 1286 (explaining that arresting officers making a probable cause determination "are not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed")).

Weiss Serota Helfman Cole & Bierman P.L.

and armed Townsend had actually pointed the gun at him, such a mistake of fact did not negate probable cause. DE46-P.8-10.[6] The district court's rationale is flawed.

Principally, the district court rejected application of the mistake in fact doctrine because, although Officer Kenniston presented the district court with factually similar cases, two of the cases made probable cause determinations in the context of motions to suppress in non-Section 1983 criminal cases, where the evidentiary burden is by a preponderance of the evidence. DE65-P.20-22.[7] The

---

[6] Oddly enough, before rejecting the point at DE65-P.20-23, the district court cited to the line of authority recognizing that because, inevitably, law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, in such cases those officials nevertheless enjoy qualified immunity. *See* DE65-P.10 ("Legal Principles," "Qualified Immunity") (citing *Von Stien v. Brescher*, 904 F. 2d 572, 579 (11th Cir. 1990)) ("Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable."); *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity"); *Mountoute v. Carr*, 114 F. 3d 181, 184 (11th Cir. 1997) ("Thus, the qualified immunity standard is broad enough to cover some 'mistaken judgment.'")

[7] In this regard, the district court stated that "the standards and burdens are not the same," noting that the evidentiary burden at a suppression hearing is by a preponderance of the evidence (citing *U.S. v. Matlock*, 415 U.S. 164, 177, n. 14, 94. S.Ct. 988, 996, 39 L.Ed.2d 242 (1974), and that on motions to suppress, a movant bears the burdens of proof and persuasion (citing *U.S. v. Sigouin*, 494 F. Supp. 3d 1252 (S.D. Fla. Dec. 31, 2019). DE 65-P.20-21. The district court, it seems, overlooked that which it had previously noted, DE65-P.23, that once Officer Kenniston established that he was acting within his discretionary authority (an undisputed point), the burden <u>shifted to Townsend</u> to demonstrate that qualified immunity did not attach under the two-part test. *Supra*, p. 8.

Weiss Serota Helfman Cole & Bierman P.L.

district court erred in considering the distinction material: "the standard for determining probable cause in the context of a qualified immunity defense is less stringent than in the context of a hearing on a motion to suppress evidence." *Brucia v. Bradshaw,* Case No. 09-80657-CV, 2009 WL 2488271, at *4 (S.D. Fla. Aug. 12 2009); *see also, e.g., Paez,* 915 F.3d at 1286 ("[t]he test for probable cause is not reducible to 'precise definition or quantification,' " and "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence ... have no place in the [probable-cause] decision.' ").

And, as the case law reflects, the probable cause test is the same, regardless of the differing (and lesser) quantum of proof required in Section 1983 context. Officer Kenniston cited to *United States v. Jackson*, Case No. 18-207430-CR, 2019 WL 2141973, at *1 (S.D. Fla. May 1, 2019), *recommendation adopted*, Case No. 18-CR-20743-RAR, 2019 WL 2139756, at *1 (S.D. Fla. May 15, 2019), because it is factually on point: an officer believed, but was potentially mistaken, that the arrested individual had pointed a gun at a crowd. 2019 WL 2141973, at *5 ("If we assume for the sake of argument that Defendant is correct and that [the officer] was indeed mistaken, this does not mean that the arrest at the time lacked probable cause."). And, as to the probable cause test under which the mistake of fact doctrine lies, *Jackson* cited to the test as articulated in *Wesby. Id.*, at * 4 (quoting *Wesby*, 583 U.S. at 57, 138 S. Ct. at 586, 199 L.Ed.2d 453 ( "[Probable cause] requires only a

Weiss Serota Helfman Cole & Bierman P.L.

probability or substantial chance of criminal activity, not an actual showing of such activity.")).

In *United States v. Chanthasouxat*, 342 F. 3d 1271, 1275 (11th Cir. 2003), the Court held that a traffic stop based on a mistake of fact did not negate probable cause in the context of a suppression motion. But that context does not render the case inapplicable here. Indeed, in *Merritt v. Gay*, 677 Fed. App'x 637 (11th Cir. 2017), the Court affirmed the grant of summary judgment on Section 1983 qualified immunity grounds, expressly citing *Chathasouxat* for the proposition that "a police officer's reasonable but incorrect assessment of the facts may provide a basis for probable cause." *Id.* at 638.

Here, the district court overly and incorrectly distinguished the facts of *Merritt*, which, among other things, included the officer's reasonable belief that the plaintiff had not been wearing a safety belt. The district court first suggested that "it was unclear from the factual background whether the plaintiff disputed wearing a seatbelt." DE65-P.21. But, in fact, in the decision affirmed by this Court in *Merritt*, the district court noted that plaintiff "emphasize[d] that he was, in fact, wearing his seatbelt and that [the officer] was mistaken in thinking otherwise." *Merritt v. Gay*, CV514-083, 2016 WL 4223687, at *8 (S.D. Ga. Aug. 9, 2016) (citing, *inter alia*, *Chanthasouxet*, 342 F. 3d at 1276). Thus, *Merritt* involved the very sort of singular disputed issue of fact as here.

Weiss Serota Helfman Cole & Bierman P.L.

Otherwise, noting that in *Merritt* additional facts supported the probable cause determination in that case (separate from whether or not the individual had or had not been wearing a seatbelt), the district court proceeded to ignore the totality of evidence in the case before it, including that Townsend had aggressively approached Officer Kenniston in the dark, yelled and gesticulated toward him and was, in fact, carrying a gun. Instead, the district court at that juncture homed in only on the disputed fact as to where the gun was pointed. DE65-P.22-23 ("Whether Mr. Townsend did in fact point anything at Officer Kenniston is determinative of what (if any) crime a prudent officer could have believed Mr. Townsend committed.").[8] Thus, the district court credited the *Merritt* decision on the very basis that *Merritt* viewed the totality of the evidence, when the district court itself refused to do so in the case before it – narrowly focusing on the disputed fact concerning the pointing of the gun. And, more especially, the district court's ruling was circular: Officer Kenniston could not have been mistaken as to the disputed fact because the fact was disputed.[9]

---

[8] Again, the district court's articulation of the test is not the correct one under *Wesby*.

[9] Among the other, erroneous grounds, the district incorrectly concluded, at DE 65-P.22, that Officer Kenniston had not argued a mistake in fact other than in a footnote. *See* DE46-P.8 n. 4. But Officer Kenniston's point is fully developed in the four pages of body of the motion, *see* DE46-P.8-11, with the footnote merely elaborating upon the point. This is a far cry from the Court's comment in *Pinson v.*

19

Weiss Serota Helfman Cole & Bierman P.L.

In this contrived and round-about way, the district court threaded its way to error. Reversal and entry of summary judgment in favor of Officer Kenniston is required because, as is settled law, a mistake of fact on the part of an officer does not negate probable cause for an arrest.

**b.    The district court failed to give effect to the any-crime doctrine.**

The district court also erred in failing to give effect to another well-settled doctrine: "Probable cause for an arrest may be found if there is probable cause to believe any crime was committed, whether or not there is probable cause for the crime the arresting officer actually believed had been committed." *Manners v. Cannella*, 891 F. 3d 959, 969 (11th Cir. 2018) (citing *Lee*, 284 F. 3d at 1195-96 ("The validity of an arrest does not turn on the offense announced by the officer at the time of the arrest.")); *see also, e.g.*, *Bailey v. Bd. of County Com'rs of Alachua County*, 956 F. 2d 112, 1119, n. 4 (11th Cir. 1992) ("The validity of an arrest does not turn on the offense announced by the officer at the time of the arrest."). And, relatedly, "evidence of every element of a crime is not required for a showing of probable cause." *Davis*, 78 F. 4th at 1335 (citing, *inter alia*, *Adams v. Williams*, 407 U.S. 143, 149, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612 (1978) ("Probable cause does not require

---

*JPMorgan Chase Bank*, 942 F. 3d 1200, 1209, n. 4 (11th Cir. 2019), where an appellant raised new, substantive points for the Court's consideration in a footnote only.

Weiss Serota Helfman Cole & Bierman P.L.

the same type of specific evidence of each element of the offense as would be needed to support a conviction."); *Jordan v. Mosely*, 487 F. 3d 1350, 1355 (11th Cir. 2007) ("No officer has a duty to prove every element of a crime before making an arrest.")).

Here, Townsend was arrested for aggravated assault "with a deadly weapon without intent to kill," pursuant to section 784.021(1)(a), Florida Statutes. As Officer Kenniston argued, because (in his reasonable belief) Townsend had pointed a gun at him, aggravated assault was an appropriate charge. DE46-P.5-6. While Officer Kenniston cited to cases holding that the pointing of a gun constitutes the crime of aggravated assault with a deadly weapon, he also noted that "an aggravated assault conviction requires neither a pointed gun nor an explicit threat." *Williams v. State*, 238 So. 3d 915, 916 (Fla. 1st DCA 2018). DE46-P.6. But that was not the whole of Officer Kenniston's point.

Discounting the disputed fact as to the pointing of the gun, and considering only his (undisputed) "observation that Townsend was walking toward him while loudly yelling and while holding what appeared to be a gun," DE46-P.7, Officer Kenniston also argued that probable cause existed for crimes other than aggravated assault with a deadly weapon. He specifically pointed out that section 784.021 defines aggravated assault not only as an assault "with a deadly weapon," at subsection (a), but also as assault "with intent to commit a felony," at subsection (b), further explaining that an "assault" is an "intentional, unlawful threat by word or act

Weiss Serota Helfman Cole & Bierman P.L.

to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." DE46-P.7-8.

The district court rejected the entirety of Officer Kenniston's point. DE 65-24-26. Focusing only on Townsend's exculpatory evidence to the effect that he had not pointed the gun, the district court ruled that Officer Kenniston had not established probable cause for the arrest for aggravated assault, even though "an aggravated assault conviction requires neither the pointing of a gun nor an explicit threat." *Williams,* 238 So. 3d at 916. And, relying on the same, singular point (that Townsend claimed he had not pointed the gun), the district court went on to conclude that Officer Kenniston had not established probable cause even for the crime of simple assault. DE65-P.26 ("For the same reasons, there exists a genuine dispute as to the underlying misdemeanor assault – whether Mr. Townsend committed some act which created a well-founded fear in such other person that violence [was] imminent," citing section 784.011, Florida Statutes. DE65-P.22. While it may be the case that a person has no well-founded fear of another person merely because the other is carrying, but not pointing a gun, as the district court imagined, such was not the totality of the historical circumstances: here, where there had been a recent rash of crime in the neighborhood, an intoxicated individual who was in fact carrying (if not pointing) a gun approached Officer Kenniston at 3:00 a.m. from behind, yelling

22

and gesturing in an aggressive and confrontational manner. Such circumstances must be readily thought sufficient to have created a well-founded fear in a reasonable officer, such that probable cause existed to arrest Townsend for a simple assault.

In sum, the Court should reverse the Order and conclude that summary judgment is required in favor of Officer Kenniston on the first-part of the qualified immunity test. Townsend did not meet his burden to establish a disputed issue of fact that precluded summary judgment on the probable cause inquiry; the district court failed to utilize or apply the correct *Wesby* standard; and compounded its errors by rejecting application of the mistake of fact and the any-crime doctrines.

**B.** **The district court failed to analyze whether Townsend's right not to have been arrested was clearly established.**

Despite the district court's initial recognition that, "in wrongful arrest cases, the Court has defined the 'clearly established' prong as an 'arguable probable cause' inquiry," DE65-P.9 (quoting *Moran v. Cameron*, 362 Fed. App'x 88, 93 (11th Cir. 2010), the district failed to conduct a complete and proper analysis of the "clearly established" prong. Instead, it abruptly terminated the inquiry, accusing Officer Kenniston of conflating the two-part framework. DE65-P.28-29. The district court's error in short-circuiting the second qualified immunity test is glaring, particularly since, as the district court itself had initially recognized, "[o]nce the defendant establishes that he was acting within his discretionary authority, the burden shifts to

Weiss Serota Helfman Cole & Bierman P.L.

the plaintiff to show that qualified immunity is not appropriate." DE65-P.9 (quoting *Donald v. Norris*, 131 F. 4th 1255, 1260 (11th Cir. 2025).

As Officer Kenniston argued, Townsend could not (and did not) meet his burden to identify a single case showing that his right not to be arrested was clearly established. DE46-P.15-16. "An officer lacks arguable probable cause only if 'the state of the law on the date of the alleged misconduct makes it obvious that the [officer's] acts violated the plaintiff's rights in the specific set of circumstances at issue." *Garcia*, 75 F. 4th at 1186 (quoting *Washington*, 25 F. 4th at 903)).[10] "The touchstone of qualified immunity is that officers must be 'on notice their conduct is unlawful' before being held personally liable for a constitutional violation." *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 813, 102 S. Ct. 2727, 2735, 73 L. Ed. 2d 396 (1982)). As the Court has emphasized, "[f]or qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel ... the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates ... the law." *McMillan v. Johnson*, 88 F. 3d 1554, 1562 (11th Cir. 1996). The question of clearly established law "turns on the law at the time of the incident,"

---

[10]    "An officer has *arguable* probable cause if a 'reasonable officer, looking at the entire legal landscape at the time of the arrests, could have interpreted the law as permitting the arrests.'" *Id.* (emphasis in original) (quoting *Wesby*, 538 U.S. at 68, 138 S. Ct. at 593, 199 L.Ed.2d 453).

Weiss Serota Helfman Cole & Bierman P.L.

[and] "the district court must consider the law 'in light of the specific context of the case, not as a broad general proposition....'" *Merricks v. Adkisson*, 785 F.3d 553, 559 (11th Cir. 2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001)). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F. 3d 821, 827, n. 4 (11th Cir. 1997) (citing *Hamilton v. Cannon*, 80 F. 3d 1525, 1532, n. 7 (11th Cir. 1996)).[11]

Here, to demonstrate an absence of arguable probable cause, Townsend bore the burden proving, with particularity, that "the right [to not have been arrested] was clearly established" at the time of the arrest. *Garcia*, 75 F. 4th at 1187 (citing *Washington*, 25 F. 4th at 898). Indeed, "[t]he Supreme Court has 'stressed the need to 'identify a case where an officer acting under similar circumstances was held to have *violated* the Fourth Amendment." *King v. Miami-Dade County*, 725 F. Supp. 3d 1324, 1335 (S.D. Fla. Mar. 25, 2024) (emphasis in original) (quoting *Wesby*, 583

---

[11]     "Arguable probable cause does not require an arresting officer to prove every element of a crime or to obtain a confession before making an arrest, which would negate the concept of probable cause and transform arresting officers into prosecutors." *Scarbrough v. Myles*, 245 F. 3d 1299, 1302-03 (11th Cir. 2001).

Weiss Serota Helfman Cole & Bierman P.L.

U.S. at 64, 138 S. Ct. at 590, 199 L.Ed.2d 453). Yet, as the record reflects, Townsend did not argue that his right not to have been arrested for any crime was clearly established, much less, did Townsend cite to any case law addressing the particular circumstances of his arrest in which an officer was held to have violated the Fourth Amendment. DE50. Far from making any affirmative showing of any case establishing that an officer who believes (mistakenly or not) that an individual pointed a gun toward him, and who makes an arrest for assault (aggravated or otherwise) violates clearly established law, Townsend at most criticized Officer Kenniston's reliance on the *Jackson* case. DE50-P.7. But, for the reasons argued above, *Jackson* is not inapposite on the grounds that it "is a criminal case," as Townsend contended. *Id.* And, adducing no case (in either the criminal context or the context of Section 1983 qualified immunity) in which an arrest arising from a threat posed by a gun-wielding, intoxicated and aggressive individual is deemed unlawful, Townsend failed to establish that the right he claimed was violated was "clearly established" within the meaning of controlling law.

Accordingly, the Court should reverse the Order as relates to qualified immunity from suit and liability on Townsend's Section 1983 claim against Officer Kenniston for false arrest. Summary judgment in favor of Officer Kenniston is instead required. Even if Townsend had established that a disputed issue of fact precluded the district court from concluding that Officer Kenniston's conduct had

Weiss Serota Helfman Cole & Bierman P.L.

not violated a constitutionally protected right, Townsend did not establish that the right was clearly established.

**II.    The Court Should Reverse The District Court's Ruling Against Officer Kenniston On The State Law Claim.**

Lastly, Officer Kenniston is entitled to summary judgment in his favor on Townsend's claim against him for malicious prosecution arising from the arrest. As Officer Kenniston pointed out, under Florida law the "absence of probable cause" for the arrest is an element of Townsend's claim. DE46-P.4 (citing *Kingsland v. City of Miami*, 382 F. 3d 1220, 1234 (11th Cir. 2004) (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)). "The probable cause standard is the same under Florida and federal law." *Davis v. City of Apopka*, 734 F. App'x 616, 621 (11th Cir. 2018). Here, the district court ruled against Officer Kenniston on Townsend's State law claim for malicious prosecution "for the reasons" it ruled against Officer Kenniston on the probable cause inquiry under the qualified immunity analysis it performed. DE65-P.29. Because, for the several reasons argued above the district court erred in its federal probable cause ruling, it erred in ruling against Officer Kenniston on the State law claim.

## CONCLUSION

On the basis of the record, as well as the foregoing arguments and authorities, Officer Kenniston respectfully requests that the Court reverse the Order as relates to

Weiss Serota Helfman Cole & Bierman P.L.

him and conclude that summary judgment is instead required in his favor on qualified immunity grounds as to the Section 1983 claim, and on probable cause grounds as to the State law claim.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. This brief uses Times New Roman 14-point typeface and contains 6,818 words.

/s/ *Laura K. Wendell*
Laura K. Wendell

# CERTIFICATE OF SERVICE

I, Laura K. Wendell, counsel for Appellant and a member of the Bar of this Court, certify that, on August 6, 2025, a copy of the foregoing was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

Respectfully submitted,

**LAURA K. WENDELL**
Florida Bar No. 53007
**BLAYNE J. YUDIS**
Florida Bar No. 1026208
**DANIEL L. ABBOTT**
Florida Bar No. 767115
**WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.**
2800 Ponce de Leon Blvd., #1200
Coral Gables, Florida 33134
(305) 854-0800
lwendell@wsh-law.com
dabbott@wsh-law.com
byudis@wsh-law.com

By: /s/ *Laura K. Wendell*
Laura K. Wendell

## SERVICE LIST

Valentin Rodriguez, Jr., Esq.
VALENTIN RODRIGUEZ, P.A.
2465 Mercer Avenue
Suite 204
West Palm Beach, FL  33401
Telephone:  (561) 832-7510
defend@bellsouth.net

*Attorneys for Appellee*